UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21887-CIV-SEITZ/O'SULLIVAN

BONITA VILLAS CONDOMINIUM
ASSOCIATION, INC.,

       Plaintiff,

v.

EMPIRE INDEMNITY INSURANCE CO.,

       Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## TO DISMISS AMENDED COMPLAINT

THIS MATTER is before the Court on Defendant Empire Indemnity Insurance Company's ("Empire") Motion to Dismiss Plaintiff's Amended Complaint, or Alternatively, for Summary Judgment as to All Counts [DE 20], Plaintiff's Response [DE 29], and Empire's Reply [DE 32]. Plaintiff Bonita Villas Condominium Association Inc. ("Bonita Villas") brought this action to recover on an insurance claim for damages caused by Hurricane Wilma. Empire moves to dismiss the Amended Complaint because the parties settled the underlying insurance claim for $4,250,000.00 pursuant to a written release. For that reason and as set forth more fully below, the Court will grant Empire's motion to dismiss the Amended Complaint.

I.      BACKGROUND

This dispute arises out of an insurance claim for damages caused by Hurricane Wilma on October 24, 2005. Plaintiff Bonita Villas is the owner of property located in Miami, Florida that was insured by Empire when it sustained damages during Hurricane Wilma. [DE 17 ¶¶ 4, 6]. Bonita Villas submitted an insurance claim to Empire seeking $5,488,925.95, an amount that Empire did not fully accept. [Id. ¶¶ 12-13]. Subsequently, Bonita Villas invoked the appraisal process under the policy. [Id. ¶13]. According to Bonita Villas, Empire agreed to enter into the appraisal process, but later refused to proceed with the appraisal process. [Id. ¶¶ 14, 25-27]. Thereafter, Empire agreed to pay $4,250,000.00, but only upon the execution of a full release. [Id. ¶ 16].

On November 26, 2007, Empire and Bonita Villas signed a Release of All Claims ("Release") in

consideration of which Empire paid Bonita Villas a total of $4,250,000.00. [DE 20 Ex. A].[1] As a condition of the settlement, Bonita Villas released Empire "of and from all claims, demands, and suits at law or in equity, which the undersigned has or may hereafter have against the Releasee arising or growing out of, directly or indirectly, policy of insurance number CP400812 by reason of any loss(es) or damage(s) by Hurricane Wilma or otherwise occurring on or about 10/24/2005." [*Id.*] The Release further states that:

> the undersigned hereto understand and acknowledge that they may discover facts different from, or in addition to, those which they now know or believe to be true with respect to the subject matters encompassed by this Release, and agree that this Release shall be and remain effective in all respects notwithstanding any subsequent discovery of different and/or additional facts.

[*Id.*]

Bonita Villas alleges that it was coerced into releasing its "claim for over one-million [dollars] less" than the claim was worth. [DE 17 ¶38]. In addition, Bonita Villas contends that Empire handled the investigation, adjustment and settlement of Bonita Villas' claim so as to undervalue the claim. [*Id.* ¶ 39]. Specifically, Bonita Villas avers that Empire retained an uncertified and unlicensed roofer to render a lowball estimate of the damages. [*Id.* ¶¶ 31, 32]. Further, Empire allegedly refused to have further settlement negotiations or make any payments on the insurance claim unless the parties executed a full release. [*Id.* ¶¶ 15, 37]. In that regard, Bonita Villas avers that Empire advised it "would involve this claim in a long protracted and expensive litigation which would take years to resolve before BONITA VILLAS received any of the monies it was due." [*Id.* ¶ 37]. All of these actions[2] were done to take "advantage of the dire economic situation that BONITA VILLAS was experiencing as a result of this extremely large loss." [*Id.* ¶ 38].

On May 29, 2009, eighteen months after the parties settled the claim, and nearly four years after

---

[1] Empire had already paid Bonita Villas $626,100.00 when the parties executed the Release. [DE 20 Ex. A]. Pursuant to the Release, Empire paid Bonita Villas an additional $3,623,900.00. [*Id.*] Thus, including the prior payment of $626,100.00, Bonita Villas received a total of $4,250,000.00 in the settlement. [*Id.*]

[2] Bonita Villas also avers that Empire "create[d] its own first party release." [DE 17 ¶ 39]. Upon review, the purported custom made document is actually a standard form contract captioned "POLICY RECEIPT AND RELEASE," which contains blank spaces for the parties to enter information. [DE 20 Ex. A]. Likewise, Bonita Villas claims that the release is "in violation of Florida's law mandating that homeowners are not required to execute said documents," but fails to provide authority to support the legal conclusion. The Court need not accept as true such "unwarranted deductions of facts or legal conclusions masquerading as facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Hurricane Wilma, Bonita Villas brought this action in the Eleventh Judicial Circuit in and for Miami-Dade County, which Empire removed to this Court on July 8, 2009, on the basis of diversity jurisdiction. [DE 1]. On October 9, 2009, the Court dismissed Bonita Villas' Complaint with leave to file an amended complaint by October 28, 2009. Bonita Villas filed an untimely Amended Complaint on January 19, 2010; Bonita Villas did not request leave to file the Amended Complaint late.

## II.   DISCUSSION

Bonita Villas argues "[t]hat EMPIRE has refused to make any further payments thus breaching their obligations pursuant to the terms and conditions of the policy by failing to fully and completely comply with their duties pursuant to Florida Law and the terms and conditions of the policy." [DE 17 ¶ 18]. The Amended Complaint, consists of three Counts: Breach of Contract (Count I), Fraudulent Misrepresentation (Count II), and Statutory Bad Faith under Fla. Stat. § 624.155 (Count III). The first two counts seek damages based on the insurance policy, while the third count seeks punitive damages based upon alleged bad faith in performance of the terms of the policy. Empire moves to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the "allegations concern a claim for damages that has been previously resolved and expressly released by way of settlement." [DE 20 at 5].

### A.   *Standard for Motion to Dismiss Under Rule 12(b)(6)*

A Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted" tests the legal sufficiency of the factual allegations in the complaint. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a "complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.* Finally, when considering a Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded allegations as

true and views the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

The pleadings consist primarily of the Complaint and documents attached as exhibits. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). However, if a document is referred to in the Complaint and is central to the Plaintiff's claims, then the Court may consider the document part of the pleading for purposes of a Rule 12(b)(6) motion without converting the motion into one for summary judgment. *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997). In this case, because Bonita Villas refers to the Release in its Complaint and avers in its response that the settlement and Release "are central issues of the Plaintiff's suit" [DE 29 at 2], the Court will consider the Release a part of the pleadings when considering the motion to dismiss.

### B. Analysis

A general release will ordinarily embrace all claims which had matured at the time of its execution. *Mazzoni Farms, Inc. v. E.I. Dupont De Nemours and Co.*, 223 F.3d 1275, 1283 (11th Cir. 2000); *Hold v. Manzini*, 736 So.2d 138 (Fla. 3d DCA 1999). Here, Bonita Villas released Empire "of and from all claims, demands, and suits at law or in equity, which the undersigned has or may hereafter have against the Releasee arising or growing out of, directly or indirectly, [the] policy of insurance." Furthermore, all of Bonita Villas claims arise out of the policy, and all of Bonita Villas claims had matured at the time of the execution of the Release. Thus, based upon the plain language in the Release, Bonita Villas released Empire from all the claims that are now the subject of this lawsuit. Notably, Bonita Villas does not seek to set aside the Release based on fraud in the inducement. Rather, Bonita Villas essentially affirms the settlement agreement[3] that unequivocally bars the instant claims and "carefully ignores the $4,250,000 elephant in the room" by deducting the $4,250,000.00 already tendered from the damages it now seeks. [DE 32].

---

[3] Bonita Villas alleges that the amount owed is $5,488,925.95 [DE 17 ¶ 12], yet seeks damages of $1,238.925.95; an amount reached by subtracting the settlement amount, $4,250,000.00 from the amount alleged as owed, $5,488,925.95.

*1. Bonita Villas Cannot State a Claim for Breach of Contract Based Upon the Policy.*

Bonita Villas first cause of action, for breach of contract alleges two breaches: "failing to provide windstorm coverage" and "failing to participate in appraisal process." [DE 17 ¶ 21]. These actions, Bonita Villas alleges, are "in direct violation of the terms of the [insurance] policy." [*Id.* ¶¶ 21, 22]. Furthermore, Bonita Villas alleges, by failing to honor the terms of the insurance policy," it has been harmed. [*Id.*]

Clearly the breach of contract claim is based on the policy agreement. However, any claims related to the insurance policy were released by the settlement agreement; Bonita Villas released Empire "of and from all claims, demands, and suits at law or in equity, which the undersigned has or may hereafter have against the Releasee arising or growing out of, directly or indirectly, policy of insurance number CP400812 by reason of any loss(es) or damage(s) by Hurricane Wilma or otherwise occurring on or about 10/24/2005." [DE 20, Ex. A]. Therefore, Bonita Villas cannot state a claim for breach of the policy agreement because the parties agreed to release all such claims.

*2. Bonita Villas Released any Claim for Fraudulent Representation in the Settlement Agreement.*

Next, Empire asserts that the language of the Release prevents Bonita Villas from bringing a cause of action for fraudulent misrepresentation. [DE 20 at 7-8]. Indeed, this is consistent with the language in the Release, which provides that it "is intended to be, and is, final and binding regardless of any claim of misrepresentation, promise made without the intention to perform, concealment of fact, mistake of law or fact, or any other circumstance whatsoever." [*Id.*] Empire argues, and the Court agrees, that the facts alleged fail to state a claim for relief because the alleged misrepresentation relates to express policy terms to which the parties were already bound and any claim based upon the conduct alleged was released by the settlement agreement. [DE 32 at 3].

Furthermore, allegations of fraudulent misrepresentation are subject to the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure, which requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Thus, to state a claim for fraud, the Amended Complaint must identify: (1) the precise misrepresentations made; (2) the time and place of, and

persons responsible for the misrepresentations; (3) the content and manner in which the statements misled Bonita Villas; and (4) what Empire gained by the alleged fraud. *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007). Essentially, Bonita Villas must plead "the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230 (11th Cir. 2008).

Count II for fraudulent misrepresentation alleges that after Bonita Villas "invoked the appraisal process under the terms and conditions of the policy" [DE 17 ¶ 13], that Empire falsely "stated that it would enter into the appraisal process, which is one of the explicit terms and conditions of the insurance policy at issue." [*Id.* ¶ 25]. Clearly Bonita Villas has not met its burden under Rule 9(b). That is, Bonita Villas fails to identify who made the statement, what specifically was represented (other than that "it would enter into the appraisal process"), when, where, or how the misrepresentations were made. Moreover, Bonita Villas fails to explain how the alleged misrepresentation, which "induce[d] BONITA VILLAS to forego any further legal action," caused the alleged damage, *i.e.*, "no subsequent coverage for the property damages experienced by BONITA VILLAS." [DE 17 ¶¶ 27, 28]. It is undisputed that, Bonita Villas received $4,250,000.00 in coverage when the parties settled the claim subsequent to the alleged misrepresentation. Moreover, contrary to the allegations, Bonita Villas has taken further legal action; it merely waited eighteen (18) months after executing the Release to file a lawsuit. Thus, Bonita Villas cannot state a claim either in law or fact for the alleged misrepresentation and this claim also must be dismissed.

### 3. *Bonita Villas May Not Maintain a Statutory Bad Faith Action Absent Breach of Contract*.

Finally, Empire argues that Count III, which alleges statutory bad faith, fails to state a claim because Empire cannot be subjected to a statutory bad faith action if there is no finding that it breached the agreement. [DE 32 at 4]. Under Florida law, a party may not maintain a statutory action for bad faith absent damages on the underlying contract. *Chalfonte Condominium Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 561 F.3d 1267, 1271 (11th Cir. 2009) (*citing Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So.2d 1289, 1291 (Fla. 1991)). Count III for Bad Faith under Fla. Stat. § 624.155 alleges "[t]hat the conduct of EMPIRE and its agents is contrary to

Florida Law and despite EMPIRE's knowledge that the claim and proof of loss were fair and reasonable, EMPIRE sought to take advantage of BONITA VILLAS by withholding funds for the settlement of this claim, using unqualified roofing appraisers to render a false report as to damages, all in an effort to coerce BONITA VILLAS into a settlement at an undervalued amount." [DE 17 ¶ 43]. Since the Release bars claims for damages under the contract, no claim may be maintained for statutory bad faith either. *Chalfonte Condominium Apartment Ass'n, Inc.*, 561 F.3d at 1271. Accordingly, this claim also must be dismissed.

### III. CONCLUSION

Bonita Villas brings this action to recover on an insurance claim that it settled for $4,250,000.00. Although, Bonita Villas contends that "the instant action is a direct attack upon the validity of the Release" [DE 29 at 3], it has not moved to rescind the settlement agreement. Since all of Bonita Villas claims are based upon the insurance policy, as a matter of law Bonita Villas' claims are barred by the Release. That said, the Court will grant Bonita Villas leave to plead fraud in the inducement if there are unplead facts that will support a claim of fraud in the inducement sufficient to comply with Rule 9(b)'s specificity requirement and counsel's obligation under Rule 11.[4] Accordingly, the Court will grant Plaintiff two weeks to file a second Amended Complaint to plead a claim of fraud in the inducement if there are facts that Plaintiff has not yet asserted which might support such a claim. Therefore, it is

ORDERED that

(1) Defendant's Motion to Dismiss Plaintiff's Amended Complaint, or Alternatively, for Summary Judgment as to All Counts [DE 20] is GRANTED. Counts one, two, and three of Plaintiff Bonita Villas Condominium Association Inc.'s Amended Complaint [DE 17] are DISMISSED WITH PREJUDICE.

(2) No later than **Tuesday, July 6, 2010**, if there are facts to support an as-yet-unasserted claim, Plaintiff may seek to reopen this case and file a second amended complaint.

---

[4] Giving the Plaintiff every benefit of the doubt, the only claim that the Plaintiff could conceivably assert is rescission of the Release based upon fraud in the inducement. However, Bonita Villas has not made an effort to allege such a claim and given the legal ramification that such a claim would have on Bonita Villas, it may not desire to do so.

(3) All pretrial deadlines are STAYED.

(4) All motions not otherwise ruled upon are DENIED AS MOOT.

(5) This CASE IS CLOSED.

DONE AND ORDERED in Miami, Florida, this 22nd day of June, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Judge O'Sullivan, Counsel of Record